In the Matter of VINCENT VETTER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 2, 1989

### APPEARANCES OF COUNSEL

*Vincent Vetter, Jr.,* respondent *pro se.*

*Paul J. Ginnelly* for petitioner.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this court in March 1960 and maintains an office in Utica. By petition dated August 19, 1988, the Grievance Committee of

the Fifth Judicial District charged him with violating Code of Professional Responsibility DR 9-102 (A) (failing to identify and preserve funds of a client); DR 9-102 (B) (1) (failing to notify a client promptly of the receipt of his funds); DR 9-102 (B) (3) (failing to maintain complete records on all funds of a client coming into his possession and to render appropriate accounts to his client); and DR 9-102 (B) (4) (failing to pay or deliver to the client property in his possession which the client is entitled to receive). He was also charged with violating Appellate Division rules relating to attorneys, 22 NYCRR 1022.5 (a) (commingling of clients' funds) and 22 NYCRR 1022.5 (b) (failing to maintain true and correct records of clients' fiduciary accounts).

After initially filing an answer denying parts of the petition, respondent withdrew that answer at a hearing before a Referee appointed by this court and admitted that he was guilty of the charges, which arose from personal use of funds paid to him as Referee in a mortgage foreclosure. Partial payment was made to the mortgagee bank before this proceeding was commenced but the sum of $3,451.82 with interest remained unpaid when this matter was finally submitted to us for determination. The Referee found that respondent's conduct constitutes a violation of DR 9-102 (A); DR 9-102 (B) (1), (3) and (4); and 22 NYCRR 1022.5 (a) and (b). We confirm the Referee's findings and find in addition that respondent's conduct constitutes a violation of DR 1-102 (A) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and DR 1-102 (A) (5) (engaging in conduct that is prejudicial to the administration of justice). Matters urged in mitigation have been considered; they cannot excuse conversion of funds. We conclude that respondent is guilty of serious professional misconduct and accordingly, he should be disbarred.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of disbarment entered.